ROBERT A. JONES
ALAN S. KAUFMAN
**CHAMBERLAIN, KAUFMAN AND JONES**
35 Fuller Road
Albany, New York 12205
Telephone:    (518) 435-9426
Facsimile:     (518) 435-9102

DAVID P. CLISHAM (101622)
WILLIAM H. SORTOR (069424)
**CLISHAM & SORTOR**
Ghirardelli Square, Suite 300
900 North Point Street
San Francisco, California  94109
Telephone:    (415) 775-1395
Facsimile:     (415) 775-4298

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE KALININ, BRIAN DELVIN, ALEXANDRIA BRUNNER-JONES, ROLANDO J. CANALES, SONIA MARIONA, and DANIEL MANNING, And Others Similarly Situated, <br><br>                Plaintiff(s), <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA, A Municipal Corporation <br><br>                Defendant. | Case No. <br><br><br><br><br><br> **COMPLAINT** |

Plaintiffs, by their attorneys, Chamberlain, Kaufman & Jones and Clisham & Sortor, complaining of defendant, respectfully allege as follows:

**JURISDICTION AND VENUE**

1.   Plaintiffs bring this action to recover unpaid overtime compensation and other relief under the provisions of the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §§ 201-219; hereinafter the "Act" or the "FLSA"].

2.   Jurisdiction of this action is conferred upon this Court by § 16(b) of the Act [29 U.S.C. §216(b)] and by 28 U.S.C. §1337.

3.   Venue of this action is established in this Court by §16(b) of the Act [29 U.S.C. §216(b)] and 28 U.S.C. §1391(b).

**THE PARTIES**

4. Plaintiffs were and are at all relevant times employees of the defendant, THE CITY AND COUNTY OF SAN FRANCISCO, employed as police officers, located in the Northern District of California.

5. The defendant to this action is THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA, which has a principal place of business within the City and County of San Francisco in the Northern District of California.

6. Pursuant to §16(b) of the Act, [29 U.S.C. §216(b)], plaintiffs bring this action on behalf of themselves and others similarly situated as described in the claim set forth herein.

7. Pursuant to §16(b) of the Act [29 U.S.C. § 216(b)], the named plaintiffs herein have executed and hereby file with the Court their original consents in writing to become party plaintiffs in this action.

8. Plaintiffs were and are employees who at all relevant times were and are employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by section 3(s) of the Act [29 U.S.C. § 203(s)].

9. At all relevant times herein, plaintiffs were and are entitled to the rights, protections and benefits provided under the FLSA.

10. Defendant THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA, is an employer as defined by section 3(d) of the Act [29 U.S.C. §203(d)] and a "public agency" within 29 U.S.C. §203(x).

11. Defendant THE CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA, is an enterprise, as defined by section 3(r) of the Act [29 U.S.C. §203(r)].

## CLAIM

12. Employees covered under the Act are entitled to overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of forty hours per week, except as otherwise provided in section 7 of the Act [29 U.S.C. §207]. Section 7(a)(1) of the Act [29 U.S.C. §207(a)(1)] provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

1

2    13.    The plaintiffs, during the applicable statutory maximum time periods, worked in

3 excess of the statutory maximum number of hours provided for in section 7(a)(1) of the Act [29

4 U.S.C. §207(a)(1)], without receiving compensation for such excess hours at a rate of one and

5 one-half times the regular rate at which the plaintiffs were employed.

6    14.    At all relevant times herein, plaintiffs were "police dog" handlers and "K-9"

7 officers for defendant.  The excess unpaid overtime hours for plaintiffs include compensable

8 time spent caring for, maintaining, training and cleaning up after their police dogs and  time

9 spent maintaining police equipment.

10    15.    The excess unpaid overtime hours also include time spent after the end of the

11 shift during which plaintiffs were and are required to clean their assigned vehicle in which they

12 transport the police K-9, when necessary, as well as time spent traveling to and from work when

13 transporting the police K-9 and time spent traveling to and participating in K-9 training sessions

14 and demonstrations.

15    16.    The excess unpaid overtime hours also include time spent at the work location
before the beginning of the shift during which plaintiffs perform various kinds of work.

16    17.    The excess unpaid overtime hours for plaintiffs also include all hours which
plaintiffs, and others similarly situated, worked more than 40 hours in a workweek but were not

17 paid time and one-half the appropriate regular rate of pay for such hours.   Defendant has not
included in plaintiffs' regular rate of pay all  remuneration required by federal law to be included

18 therein, and, thus, the plaintiffs have not been paid time and one-half their regular rate of pay for
all hours worked over 40 in a workweek as required by the FLSA.  The remuneration required to

19 be included, but which has not been included in the regular rate of pay, includes, but is not
limited to, various stipends,  the payment of which is non-discretionary under the applicable

20 employment contracts.  These stipends include those for additional skills and responsibilities,

21 such as bilingual skills, working in units such as the motorcycle, bomb squad and/or K9 units,
and other similar units, skills and/or responsibilities  for which additional pay is set forth in the

22 relevant employment contracts.

23    18.    The failure of defendant to compensate plaintiffs at one and one-half times their
regular rate for such overtime hours is a violation of section 7 of the Act [29 U.S.C. §207].  Such

24 violation is redressable by the plaintiffs as  affected employees under section 16(b) of the Act
[29 U.S.C. §216(b)].

25    19.    Defendant, therefore, is liable to the plaintiffs herein in the amount of plaintiffs'
unpaid overtime compensation and an additional equal amount as liquidated damages, and for

26 reasonable attorney's fees, together with the costs and disbursements of this action.

27    20.    At all times relevant within the period three years prior to the filing of this
complaint defendant has been aware of the provisions of the FLSA, as amended, 29 U.S.C. §201

28 et seq., requiring payment of overtime compensation to plaintiffs.

21. Therefore, plaintiffs are entitled to the unpaid overtime compensation and liquidated damages owed on this claim for the three year period immediately preceding the commencement of the action -- and prospectively so long as the defendant continues to violate the applicable provisions of the FLSA.

22. The employment and work records for plaintiffs are in the exclusive possession, custody and control of the defendant, and plaintiffs are unable to state precisely at this time the exact amounts owing to them.  The defendant is under a duty imposed by 29 U.S.C. §211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to plaintiffs from which some of the amounts of defendant's liability can be ascertained.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff herein requests from the Court the following relief:

(a) judgment declaring that defendants have violated plaintiffs' rights under the FLSA;

(b) an order for a complete and accurate accounting of all compensation to which plaintiffs are entitled;

(c) judgment against the defendant awarding plaintiffs monetary damages in the form of back pay compensation, liquidated damages equal to their unpaid compensation, plus appropriate pre-judgment and post-judgment interest;

(d) reasonable attorney's fees; and

(e) the costs and disbursements of this action together with such other and further relief as the Court deems proper.

///
///
///
///
///
///
///
///
///

COMPLAINT

| | |
|---|---|
| Dated: November 5, 2003 | Respectfully Submitted, |

By: _____
DAVID P. CLISHAM

CLISHAM & SORTOR

Ghirardelli Square, Suite 900
North Point Street
San Francisco, CA 94109
Telephone (415) 775-1395
Facsimile (415) 775-4298

CHAMBERLAIN, KAUFMAN & JONES

Robert A. Jones
35 Fuller Road
Albany, New York 12205
Telephone (518) 435-9435
Facsimile (518) 435-9102

Attorneys for Plaintiffs

clientdisk2:kalinin\dpc\vf\complaint110503

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT